**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMAL BEY,

Plaintiff - Appellant,

v.

TERRY DOE, Lansing Correctional
Facility-East Unit Aramark Manager;
and C. SCHEIDECKER, Clinical
Chaplin for Lansing Correctional
Facility East,

Defendants - Appellees.

No. 02-3346
D.C. No. 01-CV-3465-GTV
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is a *pro se* state prisoner 42 U.S.C. § 1983 civil rights appeal. Mr. Bey filed this claim in the district court on behalf of himself and all Muslim and Moorish Science inmates. Mr. Bey sought immediate injunctive relief and damages, claiming that the Aramark food manager and the chaplain at the Lansing Correctional Facility were not complying with an agreement reached between inmates and prison officials regarding the food to be served during Ramadan. The district court found that the requirements for certification as a class action were not satisfied and declined to certify the claim and that Mr. Bey was the sole plaintiff in the action. The district court dismissed the complaint without prejudice for failure to exhaust administrative remedies.

After a thorough review of the brief and the record, we agree with the district court that Appellant has failed to exhaust the available formal grievance procedure on his claim. Therefore, for substantially the same reasons set forth in the district court's well-reasoned January 3, 2002, Order, we hold that Mr. Bey may not proceed without first exhausting his administrative remedies.

The decision of the trial court is **AFFIRMED**. We remind Appellant that because his motion to proceed without prepayment of the appellate filing fee was granted, he must continue making partial payments on court fees and costs previously assessed until such have been paid in full.

Entered for the Court

Monroe G. McKay
Circuit Judge

-2-